<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| SUN CHEMICAL CORPORATION, | : | CIVIL ACTION NO. 05-2564 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| MARKEM CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COOPER, District Judge**

The defendant, Markem Corporation ("Markem"), moves, <u>inter
alia</u>, pursuant to 28 U.S.C. § 1404(a) ("Section 1404" ) to
transfer this action to the United States District Court for the
District of New Hampshire. (Dkt. entry no. 8.)  The plaintiff,
Sun Chemical Corporation ("Sun Chemical"), separately moves for
leave to file a sur-reply in opposition to transfer.  (Dkt. entry
no. 34.)[1]  The Court, for the purposes of the part of the motion
seeking transfer, will consider the sur-reply, as it does not
change the decision as to a transfer of venue.  For the reasons
stated herein, the Court will grant the part of the motion
seeking to transfer the action to the District of New Hampshire.

---

[1]Also outstanding in this action is (1) part of a motion
seeking to consolidate, (2) a motion to dismiss, (3) a cross
motion to strike an affidavit, and (4) a separate motion for
leave to file a sur-reply to the motion to dismiss.  (Dkt. entry
nos. 8, 9, 31, 33.)  The Court will address the disposition of
these, <u>infra</u>, based upon the result of the part of the motion
seeking transfer.

## BACKGROUND

Sun Chemical produces and sells inks and pigments.  (Compl., at 2.)  It is incorporated in Delaware and has its principal place of business in Parsippany, New Jersey.  (Id.)  Markem also develops and sells a variety of ink related products.  (Def. Br., at 2.)  Markem owns two patents that describe inventions that relate to hot melt ink, which is used in ink jet printing and printing screen manufacturing processes.  (Compl., at Exs. A & B.)  The United States Patent and Trademark Office issued these patents on August 17, 1999, and July 25, 2000.  (Id.)

Sun Chemical claims that as early as August 2004, Markem expressly and by implication alleged that at least one of Sun Chemical's products infringed Markem's hot melt ink patents. (Pl. Br., at 2.)  Sun Chemical and Markem corresponded in an attempt to resolve the dispute.  (Id. at 2-3.)  No resolution was reached, and Sun Chemical brought this declaratory judgment action against Markem on May 13, 2005.[2]  Sun Chemical seeks a judgment declaring that (1) its products do not infringe upon Markem's hot melt ink patents, and (2) Markem's patents are

---

[2] Sun Chemical brought a second action against Markem on May 13, 2005 alleging that Markem is infringing upon one of its patents.  Sun Chemical Corp. v. Markem Corp., No. 05-2565 (SRC). That action is currently pending in this district before Judge Chesler.  It should also be noted that Markem brought an action for patent infringement against Sun Chemical in the District of New Hampshire, after Sun Chemical brought an action in this Court.  (Def. Reply, at 12.)

invalid.   (Compl., at 5.)   Markem moves, <u>inter</u> <u>alia</u>, to transfer

this action to District of New Hampshire.

### DISCUSSION

Markem argues that transfer of the action is appropriate

because (1) this action could have been brought in the District

of New Hampshire initially, (2) the relevant activities,

witnesses, and documents are in New Hampshire, and (3) the action

has no meaningful connection to New Jersey.   (Def. Br., at 2, 7,

10.)   Sun Chemical argues that (1) the first-filed rule should be

followed, (2) its choice of forum should be given deference, and

(3) the balance of private and public interest factors do not

favor transfer.   (Pl. Br., at 10-12, 15.)

### A. Transfer Standard

Section 1404 provides "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where

it might have been brought."   28 U.S.C § 1404.   An action might

have been brought in another district, if (1) venue is proper in

the transferee district, and (2) the transferee district can

exercise jurisdiction over all the parties.   <u>Shutte v. Armco</u>

<u>Steel Corp.</u>, 431 F.2d 22, 24 (3d Cir. 1970).   In a civil action

based on federal question jurisdiction, venue can be laid in a

judicial district (1) in which the defendants reside, if all

defendants reside in the same state, (2) where a substantial part

of the events or omissions giving rise to the claim occurred, or (3) where any defendant may be found if there is no district in which the action otherwise might be brought.  28 U.S.C § 1391(b). A corporation is considered to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).

The moving party bears the burden of demonstrating that the alternative forum is more appropriate than the present one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts balance various private and public interests when deciding whether to transfer pursuant to Section 1404.  Jumara, 55 F.3d at 879.  The private interests may include plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, the possibility of a jury view of the premises, the location of books and records to the extent they may be unavailable in one forum, and whether the claim arose elsewhere.  See Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1946); Jumara, 55 F.3d at 879.  The public interests may include enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding local controversies at

home, public policies of the fora, and familiarity of the trial judge with the applicable state law.  Jumara, 55 F.3d at 879-80.

**B. Transfer as Applied to this Case**

Transfer of this action to the District of New Hampshire is appropriate.  This action "might have been brought" in New Hampshire because the District of New Hampshire is a proper venue, and it can exercise jurisdiction over Markem.  Markem is a resident of, and conducts business in, New Hampshire.  (Def. Br., at 7-8.)  It is the state of Markem's incorporation and principal place of business.  (Id.)

Private and public interest factors also favor transfer. Sun Chemical's choice of forum is entitled to less deference because a substantial part of the events and operative facts in this action did not occur in New Jersey.  See LG Elecs. v. 1st Int'l Computer, Inc., 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("when the central facts of the lawsuit occur outside the forum state, a plaintiff's choice of forum is entitled to less deference"); see also Finkelstein v. Simms, No. 96-6864, 1997 WL 288610, at *5 (E.D. Pa. May 27, 1997) (granting motion to transfer even though plaintiff was a citizen of the original venue); Rahwar v. Noontz, No. 94-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (same).

Sun Chemical seeks a judgment declaring that (1) it has not infringed Markem's patents, and (2) Markem's patents are invalid. (Compl., at 4.)  It argues that all the marketing and business

decisions relating to its product are made in New Jersey, and that Markem acknowledged the New Jersey connection to this case by corresponding with Sun Chemical officials in New Jersey. (Pl. Sur-Reply, at 1.)  The source of the cause of action in this case, however, is not Sun Chemical's product.  In a patent declaratory judgment action, such as this one, the source of the cause of action is the "existence and ownership of the patent" alleged to be invalid or not infringed.  Database Am. Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F.Supp. 1216, 1225 (D.N.J. 1993); see also Unistrut Corp. v. Baldwin, 815 F.Supp. 1025, 1027 (E.D. Mich. 1993) (noting that the "transaction" at issue in a patent declaratory judgment action is the granting of the patent in Washington, D.C.); Starline Optical Corp. v. Caldwell, 598 F.Supp. 1023, 1026 (D.N.J. 1984) (same).  Here, therefore, Markem's patents are the source of the cause of action, and the central facts related to it must be considered for purposes of transfer.

    The research and development of Markem's patents occurred in New Hampshire.  (Def. Br., at 4.)  The manufacture of the products that incorporate the patents also takes place in New Hampshire.  (Id.)  The ownership and use of the patent are not connected to the State of New Jersey, and therefore Sun Chemical's choice of forum is entitled to less deference.  See Int'l Comm. Inc. v. Rates Tech., Inc., 694 F.Supp. 1347, 1352

(E.D. Wis. 1988) (noting that patent owned and used by New York defendants was not in any way connected to Wisconsin); Starline Optical Corp., 598 F.Supp. at 1026 (noting that the contacts between a patent issued in Washington, D.C. to a Texas defendant and New Jersey "are nearly non-existent").  Further, the contact between the patent and New Jersey is even more tenuous because Sun Chemical asserts that it is not infringing Markem's patents. Arguably, if Sun Chemical were infringing, such infringement would be occurring at its principal place of business in New Jersey.  See Id. at 1026 (noting that a patent's relationship to New Jersey was further diminished by the fact that the plaintiff alleged that its product that was being used in New Jersey was non-infringing).

Markem also has identified at least eight potential witnesses who live and work in New Hampshire, including the two inventors of the technology described in the patents that are the sources of this cause of action.  (Def. Br., at 11-12.)  Sun Chemical, in its opposition, does not specifically identify the names and locations of potential witnesses, but acknowledges that (1) some corporate representatives from New Jersey "will be involved in this litigation if not called as witnesses," and (2) some employees may have to travel internationally, namely from the United Kingdom.  (Pl. Br., at 13.)  It goes to some length to distinguish Newark Airport as more convenient to international

travelers than the airports servicing New Hampshire.  (Pl. Br.,
at 13-14.)  This distinction, however, does not weigh heavily in
the convenience analysis.  Regardless of whether the action
proceeds in New Jersey or New Hampshire, any witnesses from the
United Kingdom will be no more inconvenienced.  See Ricoh Co. v.
Honeywell Inc., 817 F.Supp. 473, 484 (D.N.J. 1993) (noting that
if witnesses are already inconvenienced by having to travel
thousands of miles internationally, Minnesota is no more
inconvenient than New Jersey).  On those facts, the location of
witnesses weighs in favor of transfer.

    Sun Chemical, however, in its sur-reply, specifically names
six individual witnesses from New Jersey.  (Pl. Sur-Reply, at 4.)
Sun Chemical's sur-reply makes it unclear - and thus raises a
self-contradictory argument - as to whether witnesses from the
United Kingdom will also be called.  Even assuming no one from
the United Kingdom will be called as a witness, and considering
the additional information on potential New Jersey witnesses, the
location of witnesses neither weighs in favor of, nor against
transfer because regardless of where the action is heard, one
party's witnesses will have to travel.

    The location of documentary evidence weighs in favor of
transfer.  Markem indicates that the documents relating the
development and production of its patents and resulting products
are in New Hampshire. (Def. Br., at 11-13, Def. Reply, at 3-4.)

In its opposition, Sun Chemical neither directly pinpoints the location of the documents and equipment related to its product that are relevant to the present action, nor does it directly deny that relevant documents and equipment may be in the United Kingdom, as alleged by Markem.  (Pl. Br., at 14.)  It only asserts that its research and development center is in Carlstad, New Jersey.  (Pl. Br., at 14-15.)  In its sur-reply, however, it indicates that the documents and materials related to its product are neither in the United Kingdom, nor in New Jersey, but rather in Houston, Texas at the offices of counsel.  (Pl. Sur-Reply, at 3.)  Given that Markem's documents are in New Hampshire, and that there is no assertion that Sun Chemical's documents are in New Jersey, this factor weighs in favor of transfer.

The local interest in deciding this action in New Jersey is minimal.  The patents at issue are held by a New Hampshire corporation.  The development and research relating to the patent took place in New Hampshire.  The people and documents with knowledge of the patents are in New Hampshire.  Sun Chemical argues that Markem has agreed to be sued in New Jersey because it has a registered agent for service of process in New Jersey. (Pl. Br., at 11.)  If Markem were arguing that the District of New Jersey lacked personal jurisdiction over it, the existence of an agent for service of process would be considered.  However, for the purposes of a transfer, the registered agent carries no

weight.  <u>Matt v. Baxter Healthcare Corp.</u>, 74 F.Supp.2d 467, 468-69 (E.D. Pa. 1999) (granting motion to transfer even though the defendant had a registered agent in the original venue).  While Sun Chemical is a New Jersey plaintiff, without further connection to the present forum, the balance of factors weighs in favor of transfer to New Hampshire.

The Court recognizes that Markem brought suit against Sun Chemical in the District of New Hampshire, after the present action was brought.  (Pl. Br., at 4.)  Sun Chemical argues that the Court should follow the "first-filed" rule and allow the present action to proceed in New Jersey because it was filed over five months prior to Markem's action.  (Pl. Br., at 10-11.)  However, the "trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served."  <u>Serco Servs. Co. v. Kelley Co.</u>, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (internal cite omitted); <u>see also</u> <u>Ricoh Co.</u>, 817 F.Supp. at 487 (departing from first-filed rule because the subsequent forum was more convenient, and the location of witnesses and documents).  Here, departure from the first-filed rule is appropriate because New Hampshire is both more convenient than New Jersey, and the site of Markem's documents and witnesses regarding the patents.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant the part of the motion seeking transfer of the action to the District of New Hampshire.  The separate motion for leave to file a sur-reply in opposition to the part of the motion seeking transfer is moot, as the Court has considered the sur-reply.  The remaining matters (1) the part of the motion seeking to consolidate (dkt. entry no. 8), (2) the motion to dismiss the complaint (dkt. entry no. 9), (3) the cross motion to strike the affidavit in support of the motion to dismiss (dkt. entry no. 31), and (4) the separate motion for leave to file a sur-reply in opposition to Markem's motion to dismiss - are all denied without prejudice to reinstate in the District of New Hampshire.  An appropriate order will be issued.

                                   s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge